Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 2905 | **DATE** | 10/1/2003 |
| **CASE TITLE** | Peter Lewis vs. Sternes | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons set forth on the attached Memorandum Opinion and Order, the Court denies petitioner's motions to reconsider and to strike (38-1, 40-1), and likewise denies his petition for a writ of habeas corpus. Petitioner's motion to supplement with new authority is granted (50-1). Judgment is entered in favor of respondent.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | OCT 0 6 2003 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | 54 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | OCT 0 6 2003 | |
| | | date mailed notice | |
| OR | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, <br> ex rel. PETER LEWIS, <br><br> Petitioner, <br><br> vs. <br><br> JERRY L. STERNES, <br> Warden of Dixon Correctional <br> Center, <br><br> Respondent. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Case No. 02 C 2905 |

DOCKETED

OCT 0 6 2003

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Peter Lewis petitions the court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In July 1997, Lewis was convicted of residential burglary in state court and received a twenty year sentence. Following an unsuccessful direct appeal and unfruitful post-conviction proceedings in state court, Lewis filed the present petition. In it, Lewis raised four grounds for relief. In a previous order, the Court ruled that three of the four claims were procedurally defaulted and thus could not be considered on the merits by this Court. *Lewis v. Sternes*, No. 02 C 2905, 2002 WL 31687607 (N.D. Ill. Dec. 2, 2002). Lewis has filed a motion for reconsideration of this determination. In our previous order, we directed respondent to file a supplemental answer responding to the remaining claim, for ineffective assistance of counsel. Respondent did so, raising (among other things) new default arguments. Lewis has moved to strike parts of the supplemental answer. We now address Lewis's remaining habeas claim as well as his two motions.

54

## Background

In the early morning hours of November 18, 1995, an intruder entered the apartment of three University of Chicago students, Genevieve Jancovic, Susan Mathis, and Scelino Ullegue. Jancovic, who had left her bedroom and was in the hallway, saw the intruder in the bedroom of Ullegue, who was not present at the time of the incident. Jancovic screamed, called the police, and barricaded herself in her room. Mathis, awakened by the commotion, saw the intruder enter her room and also screamed. The man ran out of her room and fled the apartment. Thirty minutes later, police apprehended Lewis based on the victims' descriptions and took him back to the scene of the burglary, where the victims identified him. At trial, both Jancovic and Mathis identified Lewis as the intruder. Lewis was convicted of residential burglary and sentenced to twenty years in prison.

Some detail from Lewis's perspective about the events surrounding his conviction is warranted, as it bears on his habeas corpus claims. When he was brought to the victims' apartment, Lewis was the only person shown to the victims while a group of police officers surrounded him. Pet. for Post-Conviction Relief at 5-6. He contends that at the show-up, Jancovic and Mathis were initially unable to identify him as the offender. *Id.* at 10. According to his account, they asked the officers whether Lewis was wearing clothes that matched a Girbaud-brand button the victims had found in Ullegue's bedroom, where Jancovic originally saw the intruder. Resp. to Mot. to Withdraw as Counsel at 3. He claims that it was only after the button was compared to Lewis's jeans that the officers arrested him for burglary. Once at the police station, Lewis submits that he was not put in a line-up. Instead, he claims, one of the arresting officers pointed him out to the victims as he was handcuffed to a wall. Lewis's jeans

2

were prematurely destroyed before trial at a police evidence storage facility. At trial, one of the arresting officers testified that the button recovered at the scene – which was not destroyed – matched the jeans Lewis was wearing at the time of the incident. Lewis maintains that had the jeans been properly preserved, they would have exculpated him because, he claims, it was impossible for the button to have come from those jeans.

Lewis unsuccessfully pursued both a direct appeal of and a collateral attack on his conviction in state court. Having thus exhausted all available state court remedies, he filed this habeas petition. In it he raised four claims: (1) he was subjected to an overly suggestive identification procedure in violation of the Sixth Amendment; (2) exculpatory evidence was destroyed before his trial in violation of *Brady v. Maryland*, 373 U.S. 83 (1963); (3) the trial court violated his Sixth Amendment rights by denying the jury's request for more information during its deliberations and by denying his *Batson* motion, *see Batson v. Kentucky*, 476 U.S. 79 (1986); and (4) ineffective assistance of trial counsel. On December 2, 2002, the Court ruled that the first three claims were procedurally defaulted because Lewis did not raise them at all the requisite stages in state court and thus failed to afford the state court a full and fair opportunity to review his constitutional claims. *Lewis*, 2002 WL 31687607, at *4-5; *see O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999).

Lewis's ineffective assistance claim was originally predicated on four grounds. First, he states that trial counsel failed to examine his jeans before they were destroyed. He claims that an examination would have proven his innocence by demonstrating that the jeans could not have been the source of the button found in the victims' apartment. Second, he claims counsel was ineffective for failing to move to suppress the victims' pretrial identification of Lewis, which, he

claims, was the product of an overly suggestive identification procedure. Third, Lewis points to counsel's failure to object to the destruction of his jeans as a violation of *Brady v. Maryland*. Fourth, he states that counsel failed to call exculpatory witnesses: he claims that counsel should have called Ullegue, in whose room the button was found, because Ullegue could have explained its true source. Lewis also contends that counsel should have called Jared Stallard, a friend of the victims who was in the apartment during the incident and was present at the show-up. Lewis claims Stallard could have testified that the victims were initially unable to identify Lewis and that a suggestive identification took place at the station.

In its initial answer, respondent argued that Lewis's ineffective assistance claim is also procedurally defaulted. However, respondent addressed only two of the four grounds cited by Lewis – counsel's failure to move to suppress the victim's pretrial identification and her failure to examine Lewis's jeans. The Court therefore considered only whether those two grounds were defaulted and found that Lewis had defaulted on the claim that counsel did not seek to suppress the identification. Regarding counsel's alleged failure to examine the jeans, respondent argued that although Lewis had raised the claim in his post-conviction petition, he had not included it in his petition for leave to appeal (PLA) to the Illinois Supreme Court. Answer at 12-13. The Court rejected this argument, as Lewis had in fact raised the claim in the post-conviction PLA. The Court then directed respondent to file a supplemental answer to the claims that had not been determined to be procedurally defaulted, namely the claims that counsel (1) failed to investigate Lewis's jeans before they were destroyed; (2) failed to object to the *Brady* violation; and (3) failed to call exculpatory witnesses.

After being granted an extension of time, respondent filed a supplemental answer in

4

which it argued that all three remaining ineffective assistance claims were procedurally defaulted. Respondent did not, however, address the merits of Lewis's claims as the Court had directed. The Court struck the supplemental answer for failure to comply with our December 2 order and directed respondent to file an answer on the merits. Order of Mar. 4, 2003 ("We directed respondent to answer those claims, and by that order we intended to require an answer on the merits."). We stated, however, that "[r]espondent may include in this answer its newly-made procedural default arguments, though the Court reserves the right to later determine that these were waived because they were not timely raised." *Id.*

Respondent filed an amended supplemental answer, addressing the merits of Lewis's remaining claims and renewing its procedural default arguments as to all three. Lewis moves to strike the portions of respondent's answer that allege default. Lewis also filed a motion to reconsider our ruling that his other claims are procedurally defaulted.

## Discussion

### A.   Motion for Reconsideration

Lewis, who retained counsel after our December 2 ruling, requests that the Court reconsider our determination that certain of his habeas claims are procedurally defaulted. He maintains that one claim is not in fact defaulted and that the other defaults are excused by ineffective assistance of his appellate counsel.

As discussed in our previous order, for a federal habeas petitioner to avoid procedural default, he must "fairly present any claims in state court first." *Bocian v. Godinez*, 101 F.3d 465, 468 (7th Cir. 1996). A petitioner must afford the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review

process." *Boerckel*, 526 U.S. at 845. In Illinois, a "full opportunity" includes presenting post-conviction claims to the Illinois Supreme Court in a PLA. *See id.* at 842; *White v. Godinez*, 192 F.3d 607, 608 (7th Cir. 1999) (per curiam).

Lewis maintains that his claim of ineffective assistance of counsel based on his attorney's failure to suppress the victims' pretrial identification is not defaulted because, contrary to our finding, *see Lewis*, 2002 WL 31687607, at *5, he "sufficiently raised" it before the Illinois Supreme Court in his post-conviction PLA. Mem. in Support of Petitioner's Mot. to Recons. at 5. In support, he submits that the PLA alerted the Supreme Court "as to facts showing how trial counsel bungled the handling of the improper pretrial identification issue." *Id.* at 7. He also maintains that a claim he did raise in the PLA – the failure to call witnesses who could discredit the identification – and the claim that counsel failed to suppress the identifications "were two sides of the same coin." *Id.* He maintains that his attorney could either have challenged the admissibility of the identifications directly or attempted to discredit them by calling witnesses to testify to their overly suggestive nature. The failure to do either, he contends, amounts to ineffective assistance. He concludes that "[g]iven the relationship between these two failures," the Court should "find that Lewis' PLA did sufficiently alert the Supreme Court of the basis for the pretrial identification portion of Lewis' ineffective assistance of counsel claim." *Id.*

The relatedness of claims, however, is not the test for whether a habeas petitioner has fairly presented his claim to the state court before bringing it in the federal forum. When determining whether a petitioner has afforded the state court a full opportunity to resolve a constitutional claim, the Court considers whether the claim was presented in such a manner to "alert fairly the state court to the federal nature of the claim and to permit that court to adjudicate

6

squarely that federal issue." *Verdin v. O'Leary*, 972 F.2d 1467, 1474 (7th Cir. 1992). To meet this standard, "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). The state court must be alerted to the specific substance of the claim. *See Verdin*, 972 F.2d at 1475. Counsel's failure to move, before trial, to suppress the identifications and her failure, at trial, to call exculpatory witnesses are two distinct claims that, though related to the same allegedly unconstitutional identification procedure, are nevertheless distinct. A state court assessing them would have to perform a separate *Strickland* analysis for each claim. *See Strickland v. Washington*, 466 U.S. 668 (1984) (establishing the test for constitutionally defective assistance of counsel). We therefore see no reason to reconsider our ruling with respect to the default of the claim regarding counsel's failure to move to suppress the identifications.

Lewis also contends that *Massaro v. United States*, 123 S. Ct. 1690 (2003), a Supreme Court decision that postdates our determination regarding Lewis's state court defaults, requires that we reverse our ruling with regard to this ineffective assistance claim. In *Massaro*, the Supreme Court held that a petitioner challenging a federal conviction under 28 U.S.C. § 2255 could raise a claim for ineffective assistance in a collateral proceeding even though he could have brought the claim on direct appeal but failed to do so. *Massaro* is inapposite, however. Lewis's case, unlike *Massaro*, involves a challenge to a state conviction under § 2254. Moreover, reading *Massaro* to mean, as Lewis proposes, that no procedural default occurs when a person challenging a state court conviction raises a claim for the first time before a federal habeas court would obviate the rule that the state court must be given the first and a full opportunity to correct its constitutional errors. *Cf. Edwards v. Carpenter*, 529 U.S. 446, 451 (2000) ("The procedural

7

default doctrine . . . [is] 'grounded in concerns of comity and federalism.'" (quoting *Coleman v. Thompson*, 501 U.S. 722, 730 (1991))). There is not so much as an inkling in *Massaro* that such an overhaul of federal habeas law is to follow from that case.[1]

Lewis next maintains that ineffective assistance of appellate counsel excuses the default of the other claims we previously determined Lewis had forfeited. These claims are (1) the overly suggestive identification process in violation of the Sixth Amendment; (2) the destruction of evidence in violation of *Brady v. Maryland*; and (3) the violation of his Sixth Amendment rights when the trial judge denied his *Batson* motion and refused the jury's request for more information during its deliberations. Lewis submits that these claims were lost on direct appeal because his counsel failed to raise them. Mem. in Support of Petitioner's Mot. to Reconsider at 22.[2] This failure, he argues, constitutes ineffective assistance of appellate counsel.

A federal court can review the merits of a petitioner's procedurally defaulted claims if he shows "cause and prejudice for the default." *Thomas v. McCaughtry*, 201 F.3d 995, 999 (7th Cir.

---

[1] For the same reason, *Massaro* has no bearing on whether Lewis' remaining ineffective assistance claims are defaulted.

[2] Under Illinois law, claims that could have been raised on direct appeal but were not are forfeited. *People v. Coleman*, 168 Ill. 2d 509, 522, 660 N.E.2d 919, 927 (1996). Claims can be raised on direct appeal if "facts relating to the issue appear in the record." *People v. Schaff*, 281 Ill. App. 3d 290, 295, 666 N.E.2d 788, 791 (1996). The Court did not previously specify whether the defaulted claims were lost for failure to raise them on appeal or in post-conviction proceedings, merely noting that they were raised neither on direct appeal nor in Lewis's post-conviction petition. *Lewis*, 2002 WL 31687607, at *4-5. We do not comment on what the appropriate place to raise such claims would have been, but note that were the claims lost in post-conviction, ineffective assistance of counsel could not excuse the default. 28 U.S.C. §2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."); *Howard v. O'Sullivan*, 185 F.3d 721, 725 (7th Cir. 1999) (no right to counsel on post-conviction).

8

2000). Ineffective assistance of counsel can constitute cause to excuse the default of other claims. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). This includes ineffective assistance of appellate counsel. *See Evitts v. Lucey*, 469 U.S. 387, 396 (1985) ("A first appeal as of right . . . is not adjudicated in accord with due process of law if the appellant does not have the effective assistance of an attorney."); *Mason v. Hanks*, 97 F.3d 887, 892 (7th Cir. 1996) ("The Sixth Amendment . . . entitles a criminal defendant to the effective assistance of counsel not only at trial, but during his first appeal as of right."). However, a claim of ineffective assistance must "be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." *Murray*, 477 U.S. at 489. Lewis's claim of ineffective assistance of appellate counsel cannot serve as cause for the other defaults because that claim is itself defaulted. *See Edwards*, 529 U.S. at 453 (ineffective assistance claim asserted as cause can itself be procedurally defaulted for failure to present it in the proper manner to the state court). Although in his post-conviction petition Lewis raised a claim of ineffective assistance of appellate counsel based on appellate counsel's failure to raise the overly suggestive identification, the *Brady* violation, and the trial judge's alleged errors, Lewis did not assert these claims in his post-conviction PLA.

Because Lewis failed fully to present his ineffective appellate counsel claim to the state court, it can serve as cause to excuse the other defaults only if the failure to raise that claim can itself be excused. In order to do so, Lewis would have to meet the cause and prejudice standard with respect to the defaulted ineffective appellate counsel claim. *Edwards*, 529 U.S. at 453. Lewis makes no attempt to do so. For the foregoing reasons, his motion for reconsideration is denied.

**B.     Motion to Strike**

Lewis moves to strike parts II, III, and IV of respondent's supplemental answer. Part II addresses the legal framework regarding procedural default. In part III, respondent argues that Lewis's remaining ineffective assistance claims are procedurally defaulted. In part IV, respondent argues that Lewis has no excuse for the default.

Lewis argues that respondent has improperly included procedural default arguments in its supplemental answer. He intimates that by making default arguments, respondent has contravened the Court's order directing respondent to answer on the merits. However, the Court's order explicitly stated that respondent could include its "newly-made procedural default arguments" in its supplemental answer, subject to determination of whether the arguments had been waived. Order of Mar. 4, 2003. Lewis's motion to strike is therefore denied.

**C.     Procedural Default**

In its supplemental answer, respondent submits that Lewis has defaulted his three remaining ineffective assistance claims. Lewis retorts that respondent has waived any procedural default arguments that were not made in its original answer. In the Court's March 4, 2003 order, we reserved judgment on the issue whether respondent had waived the new default arguments by not raising them in a timely fashion. *Id.* We now conclude that respondent did not waive these arguments.

The only Seventh Circuit case that Lewis cites in favor of finding waiver does not govern this case. In that case, *Fagan v. Washington*, 942 F.2d 1155 (7th Cir. 1991), the Seventh Circuit concluded that the state had "waived waiver" because it had not raised default prior to the appeal. *Id.* at 1157. We are unwilling to say, at this early stage of federal review of Lewis's conviction,

10

that respondent waived the ability to argue default. The rules governing habeas corpus cases contemplate that pleadings may be amended in appropriate circumstances. *See* R. 11, Rules Governing Section 2254 Cases ("The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with these rules, may be applied, when appropriate, to petitions filed under these rules."); Fed. R. Civ. P. 15(a) ("[L]eave [to amend a pleading] shall be freely given when justice so requires.").

The Court previously rejected respondent's argument that Lewis had defaulted his claim regarding counsel's failure to investigate his jeans by failing to raise it in his post-conviction PLA, as that PLA in fact included the claim. Respondent now argues, however, that the claim was not asserted in Lewis' appeal to the Appellate Court from the summary dismissal of the PLA. The Court agrees. In his appeal brief, Lewis argued generally that his petition stated the gist of a meritorious claim but made specific reference to only one claim: trial counsel's alleged ineffectiveness in failing to discredit the victims' identification at trial. Not surprisingly, that was the only claim that the Appellate Court addressed in affirming the dismissal of Lewis' post-conviction petition. Lewis' failure to raise the failure to investigate claim on appeal constituted a procedural default for which he has failed to show cause and prejudice; the fact that he asserted the claim in his PLA did not revive it, as a habeas corpus petition is required to assert his claims through one complete round of state court review. *See, e.g., Rodriguez v. Peters,* 63 F.3d 546, 555 (7th Cir. 1995).

Two of Lewis' other claims – among those that respondent did not initially argue were defaulted – are defaulted for the same reason. In his appeal to the Appellate Court from the dismissal of his post-conviction petition, Lewis did not assert his claims regarding counsel's

11

failure to object to the destruction of his jeans or counsel's failure to call Scelino Ullegue to testify, even though he had raised these claims in his post-conviction petition. *See* Post Conviction Petition at 11-12. Lewis has failed to show cause and prejudice for these defaults as well.

This leaves one final claim, regarding trial counsel's failure to call Jared Stallard, the victims' friend who was in the apartment during the incident and who witnessed the show-up, to testify regarding the suggestive identification procedure and the victims' alleged failure initially to identify him. Lewis did not include this claim in either his original post-conviction petition or his late-filed motion for leave to amend that petition. The claim is therefore procedurally defaulted, and Lewis has not established cause and prejudice for the default.

## Conclusion

For the reasons stated above, the Court denies petitioner's motions to reconsider and to strike [docket #38-1, 40-1], and likewise denies his petition for a writ of habeas corpus. Petitioner's motion to supplement with new authority is granted [docket #50-1]. The Clerk is directed to enter judgment in favor of respondent.

MATTHEW F. KENNELLY
United States District Judge

Date: October 1, 2003