Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 2905 | **DATE** | 11/13/2003 |
| **CASE TITLE** | | Lewis vs. Sternes | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]    For the reasons set forth on the attached Memorandum Opinion and Order, the Court grants petitioner's request for a certificate of appealability. The Clerk is directed to transmit a copy of this order to the United States Court of Appeals for the Seventh Circuit.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | NOV 17 2003 date docketed | |
| ✓ | Docketing to mail notices. | | 58 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| OR | courtroom deputy's initials | NOV 17 2003 date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PETER LEWIS, )
)
Petitioner, )
)
vs. ) Case No. 02 C 2905
)
JERRY STERNES, )
)
Respondent. )

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Habeas corpus petitioner Peter Lewis has moved the Court pursuant to 28 U.S.C. 2253(c) for issuance of a certificate of appealability. To address this motion, a review of the somewhat convoluted history of the case is required.

Lewis made four claims, one of which had several subparts. The Court ruled on December 2, 2002 that three of Lewis' claims had been procedurally defaulted. In claim 1, Lewis argued that certain witnesses' identifications of him resulted from overly suggestive procedures; in claim 2, he argued that the state had destroyed exculpatory evidence; and in claim 3, he argued that the state had used peremptory challenges in violation of *Batson* and that the trial judge had dealt improperly with questions by the jury. In the December 2 ruling, the Court held that all three of these claims were procedurally defaulted, because Lewis did not raise them as separate claims either in his direct appeal or in his post-conviction petition (we did not find it necessary to determine at which of these points the claims should have been asserted). Rather, he had mentioned these issues only as part of a claim of ineffective assistance of counsel, which we

ruled was insufficient to preserve them as separate claims.

Lewis' claim 4 was a claim of ineffective assistance of trial counsel, which had four subparts: counsel's failure to examine the later-destroyed evidence before its destruction (claim 4a), counsel's failure to move to suppress the identification (claims 4b), counsel's failure to move for sanctions for the destruction of evidence (claim 4c), and counsel's failure to call certain allegedly exculpatory witnesses (claim 4d). In the same December 2, 2002 order, the Court held that claim 4b was procedurally defaulted because though Lewis had made the claim in his post-conviction petition, he had not raised it in his petition for leave to appeal ("PLA") to the Illinois Supreme Court regarding the post-conviction petition, we will refer to as Lewis' "post-conviction PLA." We rejected respondent's default argument as to claim 4a, and respondent had not argued that claims 4c and 4d were defaulted.

Counsel later appeared on Lewis' behalf and sought reconsideration of the procedural default rulings as to claims 1, 2, 3, and 4b. As to claims 1, 2, and 3, Lewis argued that the default should be excused due to the ineffective assistance of his counsel on direct appeal. He argued that ineffective assistance claim 4b had effectively been raised in his post-conviction PLA, albeit in the context of a claim attacking the identification itself, not counsel's failure to challenge it at trial.

For its part, respondent asserted new procedural default arguments as to claims 4a, 4c, and 4d; Lewis responded both by arguing that these new arguments had been forfeited because they had not been timely asserted. Both Lewis and respondent also addressed claims 4a, 4c, and 4d on their merits.

On October 1, 2003, the Court held that claims 4a, 4c, and 4d (each of which, we again

2

note, asserted ineffective assistance of trial counsel) had been procedurally defaulted. The Court first rejected Lewis' argument that the default argument had been forfeited by respondent. We then went on to note that though each of these claims had been raised in Lewis' post-conviction petition, they had not been mentioned in Lewis' appeal to the Illinois Appellate Court from the dismissal of that petition, and we held that this constituted a procedural default which barred consideration of these claims on their merits.[1] Lewis had offered no basis to excuse the default, so the Court declined to consider claims 4a, 4c, and 4d on their merits.

In the same October 1, 2003 order, the Court denied Lewis' motion to reconsider the prior procedural default rulings as to claims 1, 2, 3, and 4b. The Court held as to claim 4b that Lewis' attack on the identification was not sufficient to preserve the claim of ineffective assistance for failure to challenge the identification. As to claims 1, 2, and 3, the Court indicated it was possible that those claims had been defaulted not on the direct appeal, but rather in the course of the post-conviction petition; if so, the alleged ineffective assistance of Lewis' counsel on direct appeal would not excuse the default. *See* Oct. 1, 2003 Order at 8 n.2. If, however, the claims had been defaulted on the direct appeal as Lewis maintained, the ineffective assistance of appellate counsel, we held, could not be used to excuse the default because the ineffective assistance claim had itself been defaulted because it was not asserted in Lewis' post-conviction PLA.

Lewis then filed a notice of appeal and now seeks a certificate of appealability. When, as in this case, a court has denied a habeas corpus petition on procedural grounds, it should issue a

---

[1] Claim 4d turned out to have two subparts of its own. One of these involved an issue that Lewis had never raised in state court at any juncture, and we held that this claim had been procedurally defaulted for that reason.

COA if the petitioner shows that reasonable jurists would find it debatable whether the petition stated a valid claim on the merits and would also find debatable the correctness of the court's procedural ruling. *Slack v. McDaniel,* 529 U.S. 473, 478 (2000).

Lewis first argues that that the Court's rejection of his proffered excuse for the procedural default of claims 1, 2, and 3 was improper (and at a minimum debatable), because the argument by respondent that the excuse of ineffective assistance of appellate counsel was defaulted because it was not raised in Lewis' post-conviction PLA was first raised in respondent's surreply to petitioner's reply in support of his petition; the Court barred Lewis from addressing the argument in a further reply; and the point had in fact been raised in a motion by Lewis to amend the post-conviction PLA, a document which Lewis suggested we had overlooked. We disagree with this characterization of the events.

Lewis says that he raised a claim of ineffective assistance of appellate counsel in his *pro se* motion to amend his post-conviction PLA. The Court did not overlook this document; it is specifically referenced in our December 2, 2002 procedural default ruling. But at that time, Lewis had offered no excuse for the procedural default, and thus we had no occasion to address the point he was later to make. When Lewis, in his motion for reconsideration, later raised ineffective assistance of appellate counsel as an excuse for the default, he had already lost these claims, and was seeking to revive them. It was therefore incumbent on him to establish the merits of his ground for reconsideration in the motion itself. Because it has been established, since at least *Edwards v. Carpenter,* 529 U.S. 446, 451 (2000), that any basis asserted as a basis for excusing a procedural default must itself have been properly presented through one complete round of state court proceedings, Lewis ought to have addressed in his motion for reconsideration

4

whether the ineffective assistance of appellate counsel claim had been preserved at all stages of his post-conviction proceedings. In short, Lewis was not deprived of the opportunity to address the issue; rather he did not address it when he had the chance to do so.

In any event, the document cited by Lewis was not sufficient to avoid a finding that his claim of ineffective assistance of appellate counsel (or at least most of it) was defaulted. Lewis' motion to amend his PLA in fact sought to add a claim of ineffective assistance of appellate counsel, but it only to appellate counsel's failure to raise the issue regarding the destruction of allegedly exculpatory evidence. *See* Request for Entry of Certificate of Appeability, Ex. 1, p. 2. This was not sufficient to preserve ineffective assistance of appellate counsel as an excuse for the procedural default of Lewis' claim regarding the suggestiveness of the identification procedure (claim 1) or his claims regarding *Batson* and the trial judge's responses to the jury's questions (claim 3). There is another potential problem with the use of ineffective assistance of appellate counsel to excuse the defaults; it assumes that the default occurred on direct appeal, rather than on post-conviction review. But the Court did not make a definitive ruling on that issue before, and there is no occasion for us to do so now.

With regard to the request for a COA, the Court finds that reasonable jurists could differ regarding respondent's right to assert procedural default as a defense to claims 4a, 4c and 4d after having failed to do so in its answer. As Lewis points out, it is arguably somewhat incongruous to hold a habeas corpus petitioner to a strict standard of default in state court proceedings (where the petitioner, as in this case, is often proceeding *pro se*), but to use a more relaxed standard when the issue involves a respondent (who typically is represented by the highest legal officer in the state). And Lewis' arguments relating to the other defaulted claims, though lacking in merit

in our view, were sufficiently colorable to meet the standard of *Slack v. McDaniel*. Finally, it was reasonably debatable that Lewis' underlying claims stated valid claims for relief.

## Conclusion

For the reasons stated above, the Court grants petitioner's request for a certificate of appealability. The Clerk is directed to transmit a copy of this order to the United States Court of Appeals for the Seventh Circuit.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: November 13, 2003